

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN YARBOROUGH, on Behalf of Himself and
all Other Similarly Situated Persons                               **PLAINTIFF**

V.                                           CIVIL ACTION NO.: 2:24cv55-HSO-BWR

AMBETTER OF MAGNOLIA, INC.
and JOHN DOES 1-10                                                **DEFENDANTS**

## COMPLAINT

### (Trial by Jury Requested)

The Plaintiff, John Yarbrough, on behalf of himself and other similarly situated individuals, as customers and insureds of the Defendants., hereby files this class-action lawsuit against Defendants for violations of the law and would show unto the court as follows, to-wit:

### Parties

1. The Plaintiff, John Yarborough, is a Mississippi resident of Lamar County, Mississippi who may contacted through undersigned counsel.

2. The Plaintiff brings this lawsuit on behalf of all affected customers and insureds of the Defendants who have been or may be affected as further described herein.

3. The Defendant, Ambetter of Magnolia, Inc, is an Insurance Carrier licensed and doing business in the State of Mississippi. Defendant may be served with process through its registered agent, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

### Jurisdiction

4. This Court has jurisdiction over this lawsuit as Plaintiff is a resident of Lamar County and suffered damages in Lamar County, Mississippi. Further, Defendants marketed to Plaintiff in Lamar County.

## Class Action Status

5. The Plaintiff files this complaint for himself and on behalf of all other Insureds. A class action is specifically authorized by the law. The proposed class consists of all former and current insureds of the Defendants.

## Facts

6. The Defendants marketed to the Plaintiff and others within the State a list designating providers and services.

7. In December of 2021, relying upon the provider list and other marketing materials found on the Defendants' website, the Plaintiff elected to purchase health insurance coverage through the Defendants because the Plaintiff utilized the providers listed by the Defendants. But for the provider list marketed by the Defendants, Plaintiff would not have chosen the Defendants for insurance coverage. The Plaintiff relied upon the provider list when he made the decision to purchase coverage from Defendants.

8. However, when the Plaintiff attempted to see his providers, Plaintiff was notified that the providers were not part of the Defendants' network and had not been on said list for an extended period of time, if ever.

9. Concerned, the Plaintiff contacted the Defendants who admitted that the list was not updated. Defendants promised to update their list and reimburse the Plaintiff his out of pocket expenses.

10. However, the Defendants did not update the provider list, nor did the Defendants reimburse the Plaintiff for his out of pocket expenses. The harms caused by this practice include (among other things) time spent searching for an in-network physician, delays in treatment, inability to obtain treatment, traveling to see an in-network provider who is hundreds of miles away, and paying out-of-pocket for out-of-network providers because no in-network provider is available.

11. The Plaintiff then contacted the Mississippi Insurance Department regarding his complaints and the Department found the Defendants to be in violation of the law. The Defendants again agreed to update their provider list and reimburse the Plaintiff. To date said promise made by the Defendants have not been kept.

## Violations of Law

12. The Defendants violated the Lanham Act by falsely advertising and marketing their providers in an attempt to induce persons like the Plaintiff to purchase coverage with the Defendants.

13. The Defendants breached its contract with the Plaintiff(s) and other members of the class by failing to provide insurance coverage to the Plaintiff(s) in accordance with advertised materials.

14. The Defendants breached the agreement with the Plaintiff to reimburse the Plaintiff for his out-of-pocket expenses and update the provider list.

15. The Defendants breached the duty of good faith and fair dealing with the Plaintiff(s) by intentionally failing to provide the coverages promised on the Defendants' website and other marketing materials. When confronted about the issues, the Defendants falsely promised to correct the issues and reimburse the Plaintiff. To date, the Defendants has failed to honor its obligations to the Plaintiff.

16. The Defendants' actions have caused substantial pecuniary and non-pecuniary damages.

17. The Defendants' actions are outrageous and punitive damages should be awarded based upon the greedy and egregious conduct of the Defendants.

### Request for Relief

18. The plaintiffs request a judgment for actual losses, civil penalties under federal law, reimbursement, punitive damages and reasonable attorney's fees.

Respectfully submitted, the 2nd day of April, 2024.

                        JOHN YARBROUGH, on Behalf of Himself and all Other Similarly Situated Persons
                        PLAINTIFF

                        DANIEL M. WAIDE, MSB #103543

Daniel M Waide, MS Bar #103543
Kirkendall Dwyer, LLC
6565 Highway 98 West, STE 10
Hattiesburg, MS 39401
T: (601) 812-5159
dwaide@kirkendalldwyer.com